UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES**<br><br>    **v.**<br><br>**CILA MELGAR RODRIGUEZ** | **Criminal Action No. 23-302-5 (JDB)** |

**MEMORANDUM OPINION & ORDER**

The Court sentenced Melgar Rodriguez on May 29, 2025, to 120 months in prison followed by 60 months of supervised release for conspiracy and possession with intent to distribute cocaine and fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A)(ii). See Judgment, Dkt. 175. He now moves pro se for a reduction in his sentence. See Mot., Dkt. 181. In support, he relies on U.S.S.G. amendment 833, which revises section 2D1.1 of the sentencing guidelines.

Melgar Rodriguez's motion is without merit. 18 U.S.C. § 3582(c)(2) provides for possible sentence reductions where a guideline range was lowered after sentencing, and indeed section 2D1.1 was amended in November 2025, six months after sentencing. See U.S.S.G. § 2D1.1 historical note. However, the sentence imposed of 120 months in prison is already the mandatory minimum by statute, so changes to the guidelines range would not make him eligible for a lower sentence. See 21 U.S.C. § 841(b)(1)(A). Even had he been sentenced above the statutory minimum, he would not be entitled to a sentence reduction. Amendment 833 revised certain mitigating role provisions in section 2D1.1, but at sentencing Melgar Rodriguez received an aggravating role adjustment under section 3B1.1(c) rather than a mitigating role adjustment under section 3B1.2. Amendment 833 also changed the mens rea for a fentanyl-related adjustment that is irrelevant here because it was not applied at his sentencing.

1

The Court therefore finds that Melgar Rodriguez is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).  Accordingly, the Court **DENIES** [181] defendant's motion.

/s/
JOHN D. BATES
United States District Judge

Date: December 30, 2025